The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEEL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, <br><br> Defendant. | No. 2:16-cv-01795-JCC <br><br> **DEFENDANT HTC CORPORATION'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant HTC Corporation ("HTC"), by and through its attorneys of record, answers Plaintiff Peel Technologies, Inc.'s ("Peel") Complaint as follows:

## ANSWER TO COMPLAINT

### Introduction

1. The first and fourth sentences of Paragraph 1 require no response from HTC because Peel's Complaint speaks for itself. The remaining allegations in Paragraph 1 are denied.

### The Parties

2. HTC lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore denies the same.

3. Admit.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS - (No. 16-cv-01795-JCC) - 1
63849.00009
010317/1111/63849.00009

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

**Jurisdiction and Venue**

4. Admit.

5. HTC admits that the parties contractually agreed to jurisdiction and venue in this District. HTC does not dispute personal jurisdiction or venue in this District.

**Factual Allegations Common to All Claims for Relief**

6. HTC admits that Peel offers to the public a software application called the Peel Smart Remote. As to the remaining allegations in Paragraph 6, HTC lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore denies the same.

7. HTC lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore denies the same.

8. Admit that HTC is a Taiwanese company, that it sells smartphones and tablets in the United States and other countries and in the Western District of Washington, and admit that HTC America is a subsidiary of HTC. Any other or different allegations in Paragraph 8 are denied.

9. HTC admits the first sentence of Paragraph 9. HTC admits that the parties entered a License and Services Agreement dated September 1, 2012 (the "2012 Agreement"). As for the remaining allegations in this Paragraph, the 2012 Agreement speaks for itself as to its contents and legal significance, if any.

10. Denied.

11. HTC admits that HTC had communications with Peel about the 2012 Agreement and that these parties entered into the First Amendment to the License and Services Agreement

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - (No. 16-cv-01795-JCC) - 2
4820-0116-2046.02
010317/1111/63849.00009

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

dated September 25, 2014 (the "First Amendment"), which speaks for itself as to its contents and legal significance, if any.  HTC denies that these communications were with or through HTC America or HTC America's employees, and denies all remaining allegations in Paragraph 11.

12. HTC admits that HTC and Peel had discussions in 2015, including at a meeting in California, about a variety of topics, including the possible future installation of a Peel application on certain HTC products that were IR capable.  HTC denies that these communications were with or through HTC America or HTC America's employees, and denies all remaining allegations in Paragraph 12.

13. HTC admits that HTC and Peel had discussions in 2015 about a variety of topics, including possible preloading of a Peel application on certain HTC devices that were IR capable. HTC denies that these communications were with or through HTC America or HTC America's employees.  As to the remaining allegations in Paragraph 13, HTC lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and therefore denies the same.

14. HTC admits that the parties entered into a Release and Settlement Agreement ("Release Agreement") and a Marketing Services Agreement, each of which is dated March 30, 2015.  The 2012 Agreement, the Release Agreement, and the Marketing Services Agreement each speak for themselves as to their contents and legal significance, if any.  As to the remaining allegations in Paragraph 14, HTC lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and therefore denies the same.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM - (No. 16-cv-01795-JCC) - 3
4820-0116-2046.02
010317/1111/63849.00009

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

15. HTC admits that the parties never executed the so-called New Agreement. As for the remaining allegations in this Paragraph 15, the Release Agreement speaks for itself as to its contents and legal significance, if any.

16. Denied.

17. Denied.

18. HTC admits that HTC and Peel exchanged letters in September and November of 2016. These letters speak for themselves as to their contents and legal significance, if any. HTC denies that these communications were with or through HTC America or HTC America's employees.

## FIRST CLAIM FOR RELIEF

(Breach of Written Contract)

19. HTC incorporates the answers to the preceding paragraphs as though fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

## SECOND CLAIM FOR RELIEF

(Declaration of Rights)

23. HTC incorporates the answers to the preceding paragraphs as though fully set forth herein.

24. HTC denies that Peel is entitled to the construction of the Release Agreement sought in the Complaint.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM - (No. 16-cv-01795-JCC) - 4
4820-0116-2046.02
010317/1111/63849.00009

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

**Prayer**

HTC denies that Peel is entitled to relief of any kind against HTC, including but not limited to the relief specified in Peel's Complaint, and therefore prays that Peel take nothing.

**GENERAL DENIAL**

HTC denies all allegations not specifically admitted in this answer.

**AFFIRMATIVE DEFENSES**

For affirmative defenses to Peel's Complaint, HTC alleges as follows:

1. Peel's Complaint fails to state a claim upon which relief may be granted.

2. Peel has failed to mitigate its alleged damages, if any.

3. Peel's claims are barred by the doctrines of impossibility and/or impracticability.

4. Peel's claims are barred by the doctrine of estoppel.

5. HTC reserves the right to assert additional affirmative defenses as additional facts are obtained through investigation and discovery.

**COUNTERCLAIM**

Having fully answered Peel's Complaint, Counterclaimant HTC Corporation alleges as follows:

**I. PARTIES**

1. Counterclaimant HTC Corporation ("HTC") is Taiwanese corporation with its principal place of business in New Taipei City, Taiwan.

2. According to the allegations in the Complaint, Counterclaim Defendant Peel Technologies, Inc. ("Peel") is a Delaware corporation with its principal place of business in Mountain View, California.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM - (No. 16-cv-01795-JCC) - 5
4820-0116-2046.02
010317/1111/63849.00009

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

## II. JURISDICTION AND VENUE

3. HTC's counterclaim is so related to Peel's claims that it forms part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over HTC's counterclaim pursuant to 28 U.S.C. § 1367.

4. By bringing its Complaint, Peel has subjected itself to the personal jurisdiction of this Court.

5. Insofar as venue is proper in this Court for Peel's claims, it is also proper for this counterclaim.

## III. FACTS

6. Under the terms of the Release and Settlement Agreement dated March 30, 2015 ("Release Agreement"), Peel is obligated to provide a reasonable revenue share to HTC for months 13 through 24 of the Preload Period (as that period is defined in the Release Agreement).

7. The Release Agreement also requires Peel to negotiate a specific revenue share amount with HTC.

8. Peel has failed to make any revenue-sharing payments to HTC, as required under the Release Agreement.

9. Peel has failed to negotiate a specific revenue share amount with HTC, as required under the Release Agreement.

10. HTC has been damaged by Peel's actions and inactions in an amount to be proven at trial.

## IV. COUNTERCLAIM: BREACH OF CONTRACT

11. HTC incorporates by reference the allegations in Paragraphs 1–10 above.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - (No. 16-cv-01795-JCC) - 6
4820-0116-2046.02
010317/1111/63849.00009

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

12. Peel's actions and inactions as pled herein materially breached its agreement with HTC.

13. HTC has been damaged by Peel's breach in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, HTC requests the following relief:

1. Dismissal of Peel's Complaint with prejudice;

2. Judgment in favor of HTC in an amount to be determined at trial;

3. An award of HTC's costs and attorney's fees;

4. Such other relief as this Court deems just and equitable.

DATED this 3rd day of January, 2017.

RIDDELL WILLIAMS P.S.


By  */s/ Gavin W. Skok*
    Gavin W. Skok, WSBA #29766
    Laura P. Hansen, WSBA #48669
    Attorneys for Defendant

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM - (No. 16-cv-01795-JCC) - 7
4820-0116-2046.02
010317/1111/63849.00009

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Riddell Williams P.S. in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Jason T. Dennett, WSBA #30689<br>TOUSLEY BRAIN STEPHENS PLLC<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA  98101<br>Tel: (206) 682-5600<br>Fax: (206) 682-2992<br>Email: jdennett@tousley.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |
| Daryl M. Crone<br>CRONE HAWXHURST LLP<br>10880 Wilshire Blvd., Suite 1150<br>Los Angeles, CA  90024<br>Tel: (310) 893-5150<br>Fax: (310) 893-5195<br>daryl@cronehawxhurst.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 3rd day of January, 2017, in Seattle, Washington.

_____
Courtney R. Tracy

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM - (No. 16-cv-01795-JCC) - 8
4820-0116-2046.02
010317/1111/63849.00009

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600